IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-cv-00160-WKW |
| | ) | |
| STEVEN WOODS, *Lieutenant*, and | ) | |
| LARRY CLARK, *Officer*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

On March 1, 2006, this court granted Plaintiff's *motion* for leave to proceed *in forma pauperis* (Doc. 4). Upon closer review of the Complaint filed February 22, 2006, and the affirmative defenses asserted in the Defendants' Answer,[1] it is evident that the Complaint suffers from procedural and jurisdictional deficiencies and absent timely cure, it will be recommended for dismissal. <u>Accordingly, the Plaintiff is INSTRUCTED to read carefully and to comply with the specific guidance provided herein for a necessary re-evaluation of the merits of continuing this action</u>:

**1. Deficiencies in the complaint**

Thompson stated as "the facts on which" he bases his allegations that his constitutional rights have been violated:

> Lt. Woods and Officer Clark did violate my constitutional rights by virtue of race profiling and stereotyping. Violation of my IV Amendment rights by unlawful search

---

[1] Alleging deficiencies in the Complaint, these Defendants request in the third of 32 affirmative defenses that "the Plaintiff be called upon to make a more definite statement of his claim, so that these Defendants may properly respond." The second affirmative defense is that the Complaint fails to state a claim upon which relief may be granted. Additionally, these Defendants plead various immunities from suit. (Doc. 7, March 22, 2006)

> and seizure of my person and vehicle.  On 11/17/05 and 2/3/06 to include causing injury to my left hand causing nerve damage to my two fingers due to handcuffs and unreasonably prolonged sitting in police vehicle handcuffed behind my back while searching my vehicle.  Without consent or warrant of probable cause; and again harassing, and citing me unlawfully Feb. 3rd 2006.[2]

While the Complaint identifies Lt. Woods and Officer Clark as persons who violated Thompson's constitutional rights, it does not indicate the capacity in which each named defendant is being sued.  The Complaint identifies November 17, 2005 and February 3, 2006, as the occurrence dates for alleged constitutional violations, but it fails to specify the acts and/or omissions with reference to each named defendant on these two referenced dates which give rise to any liability. Also absent is any factual allegations to support Thompson's "racial profiling and stereotyping" claim.

**2.  The privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however,  to valid and reasonable limitations** designed not only to  conserve  limited judicial resources but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or mis-guided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy.

Frivolous or malicious lawsuits duties against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.  Thus, even a *pro se* plaintiff has an obligation under Fed.R.Civ.P.8(a) to provide "a short and plain statement of the claim showing that [she] is entitled to relief"; **this duty imposes a requirement that such a plaintiff**

---

[2]     Compl. ¶5.

include, at minimum, a statement of the acts or omissions – as well as pertinent dates and places for any relevant occurrences – of <u>each named defendant</u> who is alleged to have violated any federal constitutional *or statutory rights,* together with a concise summary of the manner in which the named defendant accomplished the alleged violations.

3. *Pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
>   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting* "an inquiry reasonable under the circumstances" in order to inform her "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

**4.  *Pro se* litigants who are permitted to proceed in federal court without paying a filing fee are subject to Title 28 of the United States Code at Section 1915**, and this court specifically has a duty to comply with Section 1915(e)(2), subsection(A) and subsection (B), wherein it is provided that the court shall dismiss the case at any time if the court determines (A) that the allegation of poverty is untrue, or (B) that the action ( i ) is  frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)seeks monetary relief against a defendant who is immune from such relief.

**5.  Litigants desiring to advance civil claims of the nature contemplated in this action are not entitled to appointment of counsel for legal representation, and this court has no available funds or authorization to make any such appointments.**  This court cannot and will not act as counsel for the plaintiff, who is advised hereby that while his intentions may be good, it is clear to this court that he is unable to represent himself competently in these federal actions which require even licensed lawyers to be competent in various procedural and substantive laws unique to the federal court. *Plaintiff is encouraged to seek consultations – which may be available without cost – with competent lawyers about the merits of this action.*

**PURSUANT TO THE FOREGOING INSTRUCTIONS,** and consistent with the deference mandated for *pro se* litigants,[3] in the needful exercise of its judicial authority, this court acts promptly to ensure that the plaintiff has reasonable notice of the shortcomings in his complaint, a reasonable opportunity to seek consultations with competent lawyers about the propriety of his

---

[3] *See e.g., Wright v. Butts,* 953 F.Supp. 1343, 1347 (M.D.Ala.1996), *citing Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980) ("While the allegations in the complaint are somewhat muddled, the court recognizes that *pro se* complaints are subject ... 'to less stringent standards than formal pleadings drafted by lawyers....'").

actions, including any necessary assessment of the Defendants' affirmative defenses and reasonable notice of this court's intention to recommend dismissal promptly for any action which does not belong in this federal court.

**Accordingly, for good cause, it is ORDERED that Plaintiff file by April 17, 2006,** *either* **an amended complaint which complies with the specificity requirements outlined in this order and also asserts valid, factually supported, and timely federal causes of action for which relief can be granted, OR, notice that he desires to withdraw his complaint in this court.** Failure to comply with the instructions and directives in this ORDER may result in a recommendation that this lawsuit be dismissed with prejudice. **Defendants shall be provided an opportunity to respond to the amended complaint.**

DONE this 28th day of March, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE