IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARVIN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:06-cv-00160-WKW |
| ) | [wo] |
| STEVEN WOODS, *Lieutenant*, and ) | |
| LARRY CLARK, *Officer*, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON MOTION

Plaintiff's *Motion for Extension of Time to File Response* (Doc. 10, April 13, 2006) is submitted on the *Motion* and *Defendants' Opposition* (Doc. 11, April 14, 2006).

I.

After reviewing the *pro se* complaint filed herein on February 22, 2006, along with affirmative defenses in defendants' responsive pleading, the Magistrate Judge issued an Order on March 28, 2006 (Doc. 9) which clearly advised the Plaintiff that the Complaint "suffers from procedural and jurisdictional deficiencies, and absent timely cure, it will be recommended for dismissal." In the five page-order, the court described with particularity the deficiencies in the complaint and cautioned the plaintiff about restrictions on frivolous or malicious lawsuits – including Rule 11 sanctions. Plaintiff was given an April 17 deadline – about three weeks after the order – to file either "an amended complaint which complies with the specificity requirements outlined in this order and also asserts valid, factually supported, and timely federal causes of action for which relief can be granted, OR, notice that he desires to withdraw his complaint in this court."

II.

Dated April 10 – a week before his deadline – Plaintiff's motion seeks 30 days to prepare his response, contending in part that he "has not had access to the request letter and order until today 4/10/06." Notwithstanding the Lanett, Alabama address of record upon his filing of the complaint, Plaintiff claims to have been "continually ... incarcerated at the Montgomery City Jail without access to pen, paper, or case action information or legal consultation ability......[without] means to copy or research legal books or material pertinent to this action."

Defendants argue that Plaintiff should have received the order prior to April 10 and represent notice of his filing of a claim against the City of Lanett with help from counsel on or about April 3, 2006.

III.

Because the court has no evidentiary basis for disputing Plaintiff's claim that he received the court's order only on April 10, the court deems appropriate a reasonable continuance. The requested continuance of 30 days is wholly unreasonable; if Plaintiff cannot specify facts sufficient to state a legal claim against the correctional officers designated, this complaint should not proceed. Access to legal books and the ability to conduct legal research are not essential to the necessary task of describing what each defendant did, or failed to do, on November 17, 2005, and/or February 3, 2006, which gives rise to the allegations of "race profiling and stereotyping in violation of ...Fourth Amendment rights by unlawful search and seizure of ...person and vehicle." Accordingly, it is

**ORDERED** that *Plaintiff's Motion for Extension of Time* (Doc. 10) is **GRANTED ONLY to the extent that his deadline is extended to May 3, 2006, to file an amended complaint which satisfies the specificity requirements of the March 28, 2006 Order.**

The Clerk is INSTRUCTED to send this ORDER to Plaintiff at the address from which he sent the *Motion* received April 13, 2006, or at such different address which may have been supplied by the Plaintiff.

Plaintiff is reminded that it is his DUTY to update the Clerk of any changes in his address, and failure to do so may result in a recommendation for dismissal of this action for non-compliance with the court's procedural orders.

DONE this 18th day of April, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE