Case 3:06-cv-00160-WKW-DRB   Document 16-2   Filed 05/01/2006   Page 1 of 11   23-015

Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 1 of 11
Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 1 of 11

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA - EASTERN DIVISION

| | |
|---|---|
| MARVIN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 3:06-CV-00160-WKW |
| STEVEN WOODS, Lt., and LARRY ) | |
| CLARK, Officer, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COMES NOW the Defendants, Steven Woods and Larry Clark, by and through their attorney of record, and responds to the Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

These Defendants deny all the allegations set forth in the Plaintiff's Complaint and demand strict proof thereof.

### SECOND DEFENSE

These Defendants plead that the Plaintiff's Complaint fails to state a claim upon which relief may be granted and is due to be dismissed.

### THIRD DEFENSE

These Defendants request that the Plaintiff be called upon to make a more definite statement of his claims, so that these Defendants may properly respond.

Case 3:06-cv-00160-WKW-DRB   Document 16-2   Filed 05/01/2006   Page 2 of 11

Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 2 of 11
Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 2 of 11

## FOURTH DEFENSE

These Defendants plead the affirmative defense of contributory negligence.

## FIFTH DEFENSE

These Defendants plead the affirmative defense of assumption of the risk.

## SIXTH DEFENSE

These Defendants plead sovereign or substantive immunity.

## SEVENTH DEFENSE

These Defendants plead to the extend applicable, the applicable statute of limitations.

## EIGHTH DEFENSE

These Defendants plead the defense of good faith or in the alternative good faith immunity.

## NINTH DEFENSE

These Defendants plead probable cause.

## TENTH DEFENSE

These Defendants plead that the officers acted reasonable under the circumstances.

## ELEVENTH DEFENSE

These Defendants plead absolute immunity.

## TWELFTH DEFENSE

These Defendants plead qualified immunity.

### THIRTEENTH DEFENSE

These Defendants plead discretionary function immunity.

### FOURTEENTH DEFENSE

These Defendants plead absence of injury to any federal rights.

### FIFTEENTH DEFENSE

These Defendants plead that the officers' conduct was not unlawful.

### SIXTEENTH DEFENSE

These Defendants plead that the officers arrest was pursuant to a warrant.

### SEVENTEENTH DEFENSE

These Defendants plead that any actions on their part were lawful.

### EIGHTEENTH DEFENSE

To the extent that the Plaintiff's Complaint request relief and information that do not state a claim against these officers, these officers request that the Court dismiss those actions.

### NINETEENTH DEFENSE

These Defendants plead lack of causation between the Plaintiff's alleged injuries and these Defendants' actions.

### TWENTIETH DEFENSE

These Defendants plead that the law does not provide for punitive damages in this action.

Case 3:06-cv-00160-WKW-DRB   Document 16-2   Filed 05/01/2006   Page 4 of 11

Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 4 of 11
Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 4 of 11

### TWENTY-FIRST DEFENSE

These Defendants plead that the Plaintiff failed to show circumstantial evidence of any discrimination.

### TWENTY-SECOND DEFENSE

These Defendants plead that the Plaintiff has failed to show substantial evidence of discrimination.

### TWENTY-THIRD DEFENSE

These Defendants plead that they had a legitimate non-discriminatory reason for any action taken against the Plaintiff.

### TWENTY-FOURTH DEFENSE

These Defendants plead that the Plaintiff fails to establish a prima facie case.

### TWENTY-FIFTH DEFENSE

These Defendants plead that any damages recoverable by the Plaintiff are such to certain limitations set forth by statutory law.

### TWENTY-SIXTH DEFENSE

These Defendants allege that they acted reasonably and in good faith with regard to the Plaintiff.

### TWENTY-SEVENTH DEFENSE

These Defendants assert that they did nothing unlawful and had probable cause.

### TWENTY-EIGHTH DEFENSE

These Defendants plead that there was use of reasonable force to effect the arrest.

Case 3:06-cv-00160-WKW-DRB   Document 16-2   Filed 05/01/2006   Page 5 of 11

Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 5 of 11
Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 5 of 11

### TWENTY-NINTH DEFENSE

These Defendants assert the defense of self defense.

### THIRTEENTH DEFENSE

These Defendants acted without malice.

### THIRTY-FIRST DEFENSE

These Defendants plead that the Plaintiff has failed to state a claim against these Defendants under state law or federal law since the Defendants were acting reasonably and within the law as a duly appointed law enforcement officer for the City of Lanett at all relevant times.

### THIRTY-SECOND DEFENSE

These Defendants plead the affirmative defense of discretionary function immunity.

### THIRTY-THIRD DEFENSE

These Defendants plead that the Plaintiff failed to show any direct evidence of discrimination or profiling.

### THIRTY-FOURTH DEFENSE

### PUNITIVE DAMAGES

1.  The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United states on the following grounds:

    a.  it is a violation of the Due Process and Equal Protection Clauses of

the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth

Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 7 of 11

        Amendment of the united States Constitution;

  f.    the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal find for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

  g.    the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

2.    Plaintiff's attempt to impose punitive or extra contractual damages on Defendant, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

3.    The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

4.    The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

  a.    it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a

Case 3:06-cv-00160-WKW-DRB   Document 16-2   Filed 05/01/2006   Page 8 of 11
Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 8 of 11
Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 8 of 11

reasonable doubt" burden of proof required in criminal cases;

b. the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c. the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

e. the award of punitive damages in this case constitutes a deprivation of property without due process of law.

5. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

6. The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of the contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7. The award of punitive damages to Plaintiff in this action violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama and Due Process Clause of the Fourteenth Amendment of the United States Constitution in that Defendant was not given any notice pursuant to Plaintiff's Complaint, as amended, that Plaintiff would request an award of punitive damages pursuant to the counts for fraud, deceit, and

Case 3:06-cv-00160-WKW-DRB    Document 16-2    Filed 05/01/2006    Page 9 of 11

Case 3:06-cv-00160-WKW-DRB    Document 7    Filed 03/22/2006    Page 9 of 11
Case 3:06-cv-00160-WKW-DRB    Document 7    Filed 03/22/2006    Page 9 of 11

tortuous interference with contract which are submitted to the jury.

8. The imposition of punitive damages in this case for alleged misconduct toward persons other than the plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

9. The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

10. The imposition of punitive damages in this case for allege misconduct already redressed through the legal system would violate the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

11. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

12. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

13. The imposition of punitive damages in this case would violate the Due

Case 3:06-cv-00160-WKW-DRB   Document 16-2   Filed 05/01/2006   Page 10 of 11
Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 10 of 11
Case 3:06-cv-00160-WKW-DRB   Document 7   Filed 03/22/2006   Page 10 of 11

Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not proved a meaningful constraint on the discretion of juries to impose punishment.

14. The imposition of punitive damages in this case based upon evidence of defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

15. The imposition of punitive damages in this case based on the out-of-state and financial status of defendant would violate the Commerce Clause, the equal protection guarantee, and the Privileges and Immunities Clause of the United States Constitution.

16. The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

17. The imposition of punitive damages in this case pursuant to Alabama law to punish defendant for conduct that occurred outside of Alabama would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

### THIRTY-FIFTH DEFENSE

These Defendant reserves the right to supplement this Answer after the Plaintiff gives a more definite statement and as discovery continues.

Respectfully submitted,

/s/ T. Randall Lyons
T. RANDALL LYONS (LYO006)
Attorney for Above-named Defendant

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, AL 36101
334-264-9472
334-264-9599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following on this the 22nd day of March, 2006 via United States Mail, postage prepaid:

Marvin Thompson
2268 15th Avenue, S.W.
Lanett, AL 36863

/s/ T. Randall Lyons
OF COUNSEL