IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARVIN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:06-cv-00160-WKW |
| ) | [wo] |
| STEVEN WOODS, *Lieutenant*, and ) | |
| LARRY CLARK, *Officer*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Submitted for judicial review is the AMENDED COMPLAINT (Doc. 13) filed April 18, 2006, by this *pro se* inmate in the Montgomery City Jail pursuant to the court's advice that the initial complaint lacked sufficient specificity and clarity to state a valid federal cause of action. In further compliance with the court's instructions, Plaintiff Marvin Thompson ("Thompson") has certified his expected residence at the Montgomery City Jail for a duration unknown to him at this time and has requested the Clerk's consideration in providing to defense counsel service copies of his pleadings because he has no access to "books or access to a copier." (Doc. 19).

The *Complaint* initially filed on February 22, 2006 named two defendants – Lanett Police Department Lt. Steven Woods and officer Larry Clark ("Woods and Clark") – and the *Amended Complaint* clarifies Thompson's intent to designate them individually and in their official capacities. These defendants' *Response* (Doc. 14, April 20, 2006) maintains that the amended complaint – which purports to add as defendants the Chief of Police Ron Docimo and the City of Lanett[1] – still fails to

---

[1] After careful review of the amended complaint, the Magistrate Judge finds absolutely no basis for allowing Thompson to add these additional defendants, who are referenced only in the style and
(continued...)

state a claim upon which relief may be granted. Adopting their previously filed *Answer* (Doc. 7, Mar. 22, 2006), Woods and Clark urge dismissal of this action. Considered review supports the Magistrate Judge's conclusion that this action is due to be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and 28 U.S.C. § 1915.

## I.

## ALLEGATIONS OF AMENDED COMPLAINT

While apparently confined in the Lanett city jail,[2] Thompson initiated this action for damages grounded on allegations that Woods and Clark wrongfully searched and seized his person and vehicle on November 17, 2005, and February 3, 2006. The *Amended Complaint* asserts violations of constitutionally secured rights under Amendments 4, 5, 6, 8, and 14, arising from the "race profiling and stereotyping" referenced in the original complaint.[3] As the factual basis for these asserted claims, Thompson submits eight hand-written, single-spaced pages of a disjointed, rambling narrative which is woefully deficient as the "short and plain statement of the claim showing that the

---

[1](...continued)
in the "requested relief" paragraph which ends the pleading. Thompson declares "This amendment requests that Chief of Police Ron Docimo and the City of Lanett be included as et al. [sic]. Plaintiff seeks relief in the form of reprimand and should the City of Lanett see fit termination for violations of Plaintiffs [sic] constitutional rights for amendments named in this response." To the extent that this "request" could be construed to state a motion for leave to amend the complaint to add these defendants, it is due to be, and is hereby, denied. It is clear that Thompson has not stated, and cannot state, any set of facts which would entitle him to relief against this police chief and municipal entity.

[2]Plaintiff listed his address as "Lanett police department, Lanett Alabama 36863" (*Compl.*, ¶ 1) and the return address on the envelope is "2268 15th ave. S.W., Lanett, AL 36863." Nothing in the complaint otherwise clarifies his residence.

[3]Paragraph 5 of the original complaint avers, in pertinent part: "Lt. Woods and Officer Clark did violate my constitutional rights by virtue of race profiling and stereotyping...violation of my IV amendment rights by unlawful search and seizure of my person and vehicle."

pleader is entitled to relief" contemplated by Rule 8, Federal Rules of Civil Procedure. The court nonetheless has undertaken the painstakingly frustrating task of reading this submission for discernment of relevant facts, and its resulting understanding is here summarized.

Observing Thompson's vehicle "parked...illegally on the wrong side of the road facing the wrong direction," the defendant officers "jumped out of their patrol car, guns unholstered and drawn aimed at the Plaintiff and another individual, instructing [them] to place [their] hands where they could see them and told [them] not to move ..." Lt. Woods' decision to detain Thompson "for the drug dog" forms "the main body of the IV, V, VI, VIII, XIV Amendment constitutional rights violations for 11/17/05 because the plaintiff had given [the officers] no probable cause for any detainer/seizure of Plaintiff's person or vehicle,..." Thompson specifies these facts and complaints about his encounter with Lt. Woods:

> (1) Plaintiff was Terry searched without first being asked for driver's license and proof of insurance for the violation of parking illegally;
>
> (2) Plaintiff was told that he was being held for the drug dogs to arrive unlawfully when plaintiff had not been found to be in possession of any drugs or illegal item;
>
> (3) the drug dog never arrived throughout the entire period while Plaintiff was being detained;
>
> (4) Plaintiff's passenger/fiancé was being badgered by Lt. Woods and threatened with arrest, being told to exit the vehicle, when passenger was not in violation of any law, neither did he recognize passenger as being a prior law violation;
>
> (5) Plaintiff was placed under arrest by Lt. Woods for informing passenger of her rights, when she was asked to exit the vehicle and was confused about what to do ..

Thompson reports and questions the propriety of his arrest for "obstruction of governmental operation." (*Am. Compl.*, 1-2).

Regarding Defendant Clark's culpable acts or omissions, Thompson submits these

3

indisputably conclusory allegations:

> While Officer Larry Clark seemingly played a minimum role in the Plaintiff's complaint, he played a major role in his failure to consult his superior officer concerning these violative acts and he equally acted in violation of the same constitutional rights violations when he aided his superior officer in seizing me unlawfully, harassing me and my passenger without due process of law, not informing his superior officer....that I had requested that my fiancé be allowed to take my vehicle a 1995 Pontiac Grand Prix home, whereby preventing plaintiff having to prepay fees for towing and storage, this seizure of my vehicle occurred after the supposed inventory search of my vehicle which was and is to be a main issue in the unlawful search of my vehicle.

(*Am. Compl.*, 3). As the factual basis for his racial profiling claim, Thompson offers only his speculative view of both officers' "racially biased mindset" as they were "patroling in a primarily African American community." *Id.* Notwithstanding his disavowal of any prior contacts with the defendants, Thompson rests his legal claim nonetheless on the bald-faced assertion that "these two officers have harassed and made unwarranted traffic stops to include cited and arrested plaintiff and other African Americans in this community and other areas of the city of Lanett and by an through their racially biased and stereotypical behavior has [sic] also violated the (XIV) amendment rights of the Plaintiff and all other persons similarly situated and treated." (*Am. Compl.*, 4).[4]

For the second date referenced in the original complaint – February 3, 2006 – Thompson complains that the defendant officers again stopped him wrongfully "when [he] made a turn off of a side street into a private drive" around "9:00 p..m. at 16th Ct SW/24th St. SW" in Lanett. Thompson disputes the accuracy of the officers' proffered reason for the stop, "failure to use ...turn

---

[4]In an effort to buttress his contention of racial profiling, Thompson reports that he "has "spoken with other complaintants [sic] all of African American descent and they were willing to and ready to come forward concerning the violations of these same or similar constitutional rights violations which will bolster this complaint along with several discovery requests that Plaintiff will submit." (*Am.Compl.*, 5).

signal" and complains that officers ignored "protocol" by not requesting that he "turn on [the] signal to establish equipment malfunction." Offering no probative facts at all, Thompson again speculates: "the defendant [officers] had a mindset towards seizure and search, to include humiliation and retaliation against Plaintiff for violating Plaintiff's rights on 11/17/06 [sic]. Defendant was clearly shaken by attorneys for Plaintiff and co-defendant at the preliminary hearing on Jan. 6, 2006. Defendant had motive." (*Am. Compl.,* 6).

The Complaint charges that Lt. Wood "did unlawfully search and seize [his] vehicle and person without probable cause or warrant or permission... and also again subject plaintiff to cruel and unusual punishment. . ." Thompson reports his arrest on this date for "failure to appear" in District Court on the previous arrest. He attributes wrongdoing to Defendant Clark in following Lt. Woods' orders to "double lock the cuffs" on him – an effort which purportedly "hurt his wrists"[5] and to search his passenger before both officers searched his car, assertedly absent any lawful authority. (*Am. Compl.*, 7).

Thompson specifies as follows the "relief sought":

Plaintiff has lost not (1) but (2) jobs. Plaintiff was gainfully employed as a truck driver for MBM Food Service Distributors of Lagrange, Ga. He was an employee in good standings earning a yearly salary that totaled over (40) plus thousand dollars a year. On the night of November 17th 2006 the Plaintiff's means of support for himself and his family came to an end because of defendants Lt. Steven Wood and Officer Larry Clark, employees for the City of Lanett Police Dept. Plaintiff seeks relief in the sum of $180,000 dollars. Plaintiff arrived at this number by adding up the time it will

---

[5]Thompson describes as "the main offense" underlying this confrontation the officers' actions in keeping him at the scene during the vehicular search of "at least 35-45 minutes" while subjecting him "to the excruciating pain of the handcuffs sitting basically on [his] hands and wrists at 235 plus pounds with no room for movement or adjustment: ...there were at least 4 officers present. .. I could have been taken to the police station several minutes before I was, possibly avoiding injury to me. .." *(Am. Compl.*, 8).

> take him to get back from his present state to his gainful employment state . . ."
>
> > For violations on February 3, 2006, Plaintiff seeks relief for the sum of $500,000.00 for the injury to his hand causing nerve damage to his hand and fingers (punitive damages) and (compensatory damages) for sum of $130,000.00 . . . also an additional $10,000.00 for medical expenses/and loss of job as employee for West Point Steven's. Job loss due to injury…

(Am. Compl., 10-11).

## II.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), the court "shall dismiss the case" by a plaintiff proceeding *in forma pauperis* "at any time if [it] determines that the action . . . (i) is frivolous or malicious, or (ii) fails to state a claim on which relief may be granted." At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B)(i) when it appears that the plaintiff "has little or no chance of success." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless," that the legal theories are "indisputably meritless," or that plaintiff "seeks monetary relief against a defendant who is immune from such relief." *Neitzke*, 490 U.S. at 327; *Denton*, 504 U.S. at 32-33.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted

under any set of facts that could be proved." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). Dismissal should be granted under Rule 12(b)(6) only if the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). The court must accept as true the plaintiff's factual allegations, draw all reasonable inferences in the plaintiff's favor, and construe the pleadings liberally so as to do substantial justice. *Conley v. Gibson,* 355 U.S. at 48.

### III.

### DISCUSSION

Construing Thompson's allegations with all due deference and liberality,[6] they state, at most, Thompson's apparently sincere belief that the police officer defendants, on two occasions, wrongfully stopped and detained him, searched his vehicle and his person, and arrested him for municipal and state district court offenses, all because of their "mindset" for racial profiling and stereotyping. The claim is not undergirded with any factual support at

---

[6]"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1280 (11th Cir.2001)*; Tannenbaum v. United States.,*148 F.3d 1262, 1263 (11th Cir.1998); *Wright v. Butts,* 953 F.Supp. 1343, 1347 (M.D.Ala.1996), *citing Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980).

all for the "racial profiling" contention, a fact practically conceded by Thompson, who relies instead on his optimism that his opinion about the officers' mindset can be supported by other African Americans if the court allows discovery. The absence of probative facts is fatal for this claim as "[i]t is not enough to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984).

The Complaint is silent on whether Thompson asserted any of his wrongful arrest, detention, search and seizure claims as defenses in the city or state court actions resulting from his two reported arrests; nor is there any clarity on the status of proceedings on those arrests. Thompson seeks in this federal court substantial monetary damages from police officers whose liability rests solely on his speculative and conclusory perceptions of federal constitutional wrongs. His amended complaint – required because Rule 12(b)(6) clearly dictated dismissal of the initial complaint and the court accordingly provided a second chance in deference to the Plaintiff's non-lawyer *pro se* status – must fail because it is clear beyond any dispute that no relief could be granted under any set of facts that could be proved against these officers. The complaint simply lacks any arguable basis in law and fact. Moreover, assuming the truth of the factual narrative recited by Thompson, the officers' entitlement to qualified immunity (averred as a Twelfth Defense) is also clear.

IV.

CONCLUSION

It is, therefore, the Recommendation of the Magistrate Judge that this action be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), for failure to state a claim for which relief can be granted in this court against the designated defendants.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to this *Recommendation* **not later than May 31, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 198)(*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 16TH day of May, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE