9                                                                1 OF 13

MARVIN T. Thompson            RECEIVED        3:06-cv-00160-WKW
    Plaintiff                                      (WO)
                          2006 MAY 25 A 9:34
                          IN THE UNITED STATES District Court
V.                        for the MIDDLE District of ALABAMA
                                    Eastern Division

Steven Wood Lieutenant
harry clark officer, ETAL
Defendants.

## Objections to The Recommendation of the Magistrate Judge.

Comes now, that the plaintiff Does File his objections to the Magistrate's recommedations to plaintiffs amended Complaint.

Objections and recommendations are numbered as followed.

1. recommendation error: Stated By Magistrate while thompson apparently confined in the Lanett City Jail Initiated this action for damages.

1. Objection & reason.
The plaintiff did not initiate this action while incarcerated at the Lanett City Jail. plaintiff was free on bond during the filing of this initial Complaint and gave his residence as 2268 15th Ave S.W. Lanett ALA. 36863 because this was his residence prior to his present arrest.

1. OBJection continued: The plaintiff as soon as was reasonably possible notified the Clerk of Court of his address and the defendants Wood and Clark also knew the defendants address from April 14th until this Court was notified leaving no doubt that plaintiffs address was the Montgomery City Jail, because they were at plaintiffs Federal probation revocation hearing on that day, when the Judge sentenced plaintiff.

#2 Recommendation: The Amended Complaint asserts violations of Constitutionally secured rights under Amend 4, 5, 6, 8, and 14 arising from race profiling and stereotyping referenced in the original Complaint.

#2 OBJection: The Magistrate has some how chosen to headline plaintiff's Complaint and identify the sum total basis upon the plaintiff's (1) ground of racial profiling and stereotyping.. through out the recommendation the primary review and recommendation to include summary is primised upon the supposed baseless ground of racial profiling and stereotyping a ground that was only (1) ground in the overall Complaint never intended to imply nor was ever implied that the Complaint was based upon this one ground and has caused the Magistrate to overlook the clear and concise grounds and supporting facts of, unlawful search and seizure unlawful detainer, cruel and unusual punishment. unlawful or with out probable cause was the basis.

#3 recommendation: (para) Thompson submits eight hand written single spaced pages of a disjointed, rambling narrative which is woefully deficient as a short plain statement of the claim showing that the pleader is entitled to relief.

OBJection. Plaintiff objects to the apparent unfairness and seemingly critical attitude of the Magistrate. Not taking her statements entirely personal and demeaning but unprofessional and somewhat swayed against the plaintiff from the onset, Plaintiff was ordered to submit an amended complaint detailing the offense behavior of defendants, further he was ordered to include acts and omissions and overall behavior that supported his IV V VI VIII, XIV amendment rights violations by the defendants. Plaintiff while incarcerated at the Montgomery City Jail, (proceeding pro se and indigent did) attempt with only pencil and paper and no reference material, try to comply with the Magistrates order, not knowing what specifically she wanted to know, and trying not to be to revealing to the defendants counsel, wrote in his best ability the violations not speculative, actual events of behavior that were and are this (plaintiffs) Constitutional rights, Plaintiff objects to the Magistrates attitude, about Plaintiffs effort, Plaintiff objects to Magistrates closed minded view of Plaintiff knowledge of his U.S. Constitutionally

CONT                                                    4 OF 13

(#3) OBJections. Protected rights to be free of unlawful search and seizure, due process, cruel and unusual punishment, deprivation of liberty, or property; no state shall make or enforce any law which shall abridge the privileges or immunities of Citizens of the United States: of which I am, one. The Magistrate has overlooked my prose IN ability and has recommeded plaintiffs complaint be denied primarily as stated by her because plaintiff is not learned in law or Jurisprudence, because plaintiff cant say in 10 words how his rights were Federally-Constitutionally violated, in a form that she wanted it said, the Critical demoralizing <u>Foray</u>, exhibited goes outside the nescessary lines for explanation; of reasons for her recommendation and, has a fragrance of onesidedness in analysis of plaintiffs relief.

(#4) recommendation: While The Magistrate points out that the facts stated by plaintiff. 1-5 and states the amendments that plaintiff stated as the ones violated.

(#4) OBJections: Plaintiff objects to the findings that support the Magistrates recommendations because, they contradict the reasons for the recommendations, plaintiff stated how that his constitutional rights were violated, and unless plaintiff has misunderstood those rights they are his to claim

Cont- and no speculation exists it is his (plaintiff's)
(Objection #4) IV amendment right to be free from unlawful search and seizure, especially when he has been stopped for a misdemeanor traffic offense. Plaintiff's here again has been wrongfully labeled and interpreted by the Magistrate's own words that plaintiff was speculating about these officers mindsets. Plaintiff is not a mind reader, nor did he imply that he knew why these officers jumped out of their patrol vehicle guns unholstered drawn on plaintiff and another individual. It was stated clearly by plaintiff in his amended complaint that he <u>asked</u> the officers why did they jump out on him and other individual like that? And stated we aint done nothing wrong? Clearly indicating that this presumed mindset formed by the Magistrate was and is her mistaken opinion of what plaintiff said. Plaintiff did state that he had the evidence and with some discovery could establish his case for (1) of his grounds of racial profiling and stereotyping should this court order discovery and allow him to provide the supporting facts along with such discovery. Again plaintiff based this ground on individuals spoken to after his arrest. These names were withheld because plaintiff wanted to sever this ground later for class action status or so he wished..

(#5) <u>recommendation</u>: Thompson disputes the accuracy of the officers proffered reason for the stop. "offering no probative facts at all, Thompson again speculates the defendat (officers) had a mindset towards search and seizure. the complaint charges that (PARTA) Lt wood did unlawfully search and seize his vehicle without probable cause or permission or warrant also again, subject plaintiff to cruel and unusual punishment, he attributes wrong doing to defendant Clark, in following Lt woods orders to double lock cuffs on him an effort which hurt his wrists", and to search his passenger before both searched his car without a warrant or probable cause.

(#5) <u>OBjection</u>: (A) Plaintiff disputes accuracy of proffered reason upon the facts that not only was the turn signal not checked for equipment malfunction, the officer harry Clark and Lt wood continued to detain plaintiff beyond the scope of the reason for the stop, (B) plaintiff probative facts are definitive and precise. plaintiff was pulled over for a minor traffic violation, a possible warning ticket offence, he was told to exit his vehicle he was terry searched, told to walk to the rear of his vehicle told to empty his pockets, then detained for Lt woods by officer Clark, to call in my Drivers license to check them for authorization when it was returned as FTA. for district court. before that plaintiff was being detained without probable cause. how does failure to use a turn signal, warrant search and seizure of person.

(#5) Objection-cont- and property, without a warrant or permission being given by plaintiff, defendants knew they were violating plaintiffs rights prior to the offense behavior because Lt Wood asked plaintiff after placing him under arrest "Could I search your car" plaintiff replied no, he obtained no warrant called no Judge, is this not a 4th Amendment violation. No speculation necessary Clear Black letter law. Further, Plaintiff never said officer Clark placed him in handcuff or was told to double lock cuffs officer Clark never touched plaintiff, it was another officer that came. While plaintiff was being cuffed by Lt Steven Wood that was told to double lock cuffs Lt Steven Wood caused the violation of cruel and unusual punishment upon plaintiff directly by placing the cuffs on tight and having the officer rush plaintiff off to the officers patrol car before he could complete the double lock procedure. and then proceeding to search plaintiffs vehicle and passenger without permission, warrant or probable cause (plain view doctrine). this was no mistaken mindset these are the Constitutionally violative acts of the defendants, officer Clark aided in the search of my passenger and vehicle and by and through the willful malicious intentional acts and omissions these defendants left plaintiff sitting in patrol car under arrest for a ticket he never recieved on 11/17/05 a ticket that plaintiff will prove was forged by the

cont. #5
defendant or someone he had to forge it this ticket was recalled by District Judge Calvin Milford and by admission stated that if it was written the night plaintiff was arrested it should not have been held against plaintiff as an F.T.A. item because, plaintiffs attorney Brent Dean, had filed a motion weeks prior for any and all charges affiliated with the November 17, 2005 arrest to be consolidated his (Judge Milfords) actions of recalling the warrant, returning plaintiffs CDL Drivers License, and instruction to his clerk to contact Alabama Dept of Motor Vehicle and inform them to reinstate plaintiffs Driving priveleges immediately was clear evidence of the error. Not to mention the admission that the whole warrant, FTA, and arrest was their fault. Plaintiffs criminal case that was developed from the initial arrest is pending and the issue of the validity of this ticket will be proven beyond a reasonable doubt when and if an indictment is had, but plaintiff has proof that no ticket was signed by him on that night which was the primary cause for the stop. defendants had motive as stated in his amended complaint, defendant had been exposed in open court (preliminary Hearing) that he had no warrant or probable cause to search defendant or his passenger on 11/17/05. and this caused defendants to harass and cite plaintiff not once but twice after 11/17/05, the citing of Feb 11th was not mentioned but plaintiff has a copy of a citation written by Lt Steven Wood for failure to use Child restraint that was

Dismissed by the same District Judge (Calvin Milford) who also was the Judge over the preliminary hearing that Lt wood admitted to not having a warrant for search or seizure, and no ticket was mentioned, this officer has lied on numerous occasions all this information (this) Court has yet to know or hear, plaintiff has proof that he was arrested wrongfully, Searched unlawfully, and through willful malicious intent, violated. Plaintiff filed a complaint with the City and the detective for the Chief of police Ron Acciuo nothing happened no action was taken. Plaintiff did follow proper procedure and defendants qualified ministries or other asserted defenses were stricken when they stepped outside the color of law and did injure plaintiff when a common mind should have known that handcuffs placed on a citizen tightly and said citizen left in a patrol vehicle for almost an hour would cause cruel and unusual punishment (pain and suffering) unnecessarily, and that the Constitution protected the rights of the plaintiff from violations of his due process rights and his right to be free from unlawful search, seizure, and any other harassing, malicious behavior disguised as proper procedure based solely upon the merits of these false statements about their reason.

Plaintiff maintains his relief sought and his support for adding ET.AL Defendants was based upon the facts; that the Chief of police Ron Docimo is the Superior officer of the Defendants and is solely responsible for the training and proper behavior of his officers, and the City of lanett employ these officers and bonds them and are responsible for Damages brought on by their illegal/unlawful actions by Monetary or disciplinary measures. These ET.AL defendants should therefore be added, not to mention that plaintiff requested his rights be reserved to add ET.AL Defendants at the beginning of this complaint he refrained from including these two defendant entities because he wanted to allow them the opportunity to act, based on plaintiff's complaint alone, "they did not."

\* <u>Plaintiff's objection to standard of review.</u>
(i) Plaintiff's claim was, nor is frivolous or malicious. Plaintiff's claim is clear, plain, and precise and
(ii) unless the U.S. District Courts authority no longer covers civil rights violations this claim has more than merit; it cites violations that clearly were done by the defendants free from any speculation or assumption. The Plaintiff asserts that it is very closed minded to think that plaintiffs preliminary Hearing record, eyewitness's, Hospital reports, copies

of traffic citations, District Court Clerk records, letters from Dept of public safety, testimony of a District Court Judge, testimony of District court Clerks, Copies of Complaint, notification of injuries to city Clerk, records about the defendants and numerous other evidence, could even remotely be viewed as "little or no chance of success", "Clearly baseless," legal theories indisputably meritless.

What basis could the Magistrate be using to try to refer to 28 USC § 1915(e)(2)(B)(ii) failure to state a claim upon which relief may be granted only if it is clear that no relief could be granted under any set of facts that could be proved. And Dismissal should be granted under Rule 12(b)(6) only if Movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

★ In Summary to All that: Plaintiff's Constitutionally protected rights were clearly violated, plaintiff did attempt to resolve Complaint locally, the Court never persued information to see if he did or not. Plaintiff's pursuit of monetary relief is legal and valid, and without qualified immunity, does entitle plaintiff to relief, because the constitutional rights violations directly caused plaintiffs loss on both dates 11/17/05 2/3/06. The willful, malicious, intent strikes down such qualified immunity, as well as knowingly because these were not Rookie officers they knew better than search, sieze, or

Summary-cont-

injure plaintiff. Plaintiff states further that his contentions of race profiling and stereotyping and the courts permission or non permission for discovery does not embrace the totality of this claim and the issues cited, that this claim is based upon facts that the defendant <u>Wood</u> has under oath in open court admitted and cannot be denied, to perform warrantless searches with no permission, to injure a citizen of the United States (A TAX paying citizen) when you could have avoided it. to detain and disallow due process a right afforded to every U.S. citizen needs no legal basis it is firmly rooted in this contrys creed. there is clear visual and non visual evidence to support a basis for recovery. As far as the complaint being silent on whether plaintiff asserted any of his wrongful arrest, detention, search and seizure claims as defences in the city or state court actions, Plaintiff asserts that these actions were asserted he complained in district court (city) he was not called to testify at his preliminary hearing and his case is pending in state court awaiting a ruling of indictment by a grand Jury. Plaintiff did testify at his probation revocation hearing for which he is now incarcerated and did to the amount allowable testify about the violative behavior of Lt Wood and officer Clark. Plaintiff has shown his facts and should be allowed to proceed in this case in its entirety..

## Certificate of Service (May 22nd 2006)
## Notification of Address change

(Notification)

Plaintiff does hereby notify the Clerk of Court and the Attorney for the defendants that he has been moved from the Montgomery City Jail and is now being held in the Autuga County Jail Prattville Ala. ~~P.O. Box~~ 136 North Court Street 36067 (Dorm D-6), any and all correspondence should be sent to plaintiff at the above address.

(Certificate of Service)

Plaintiff does certify that ~~this~~ response with objections was sent prepaid postage to the U.S. District Court Clerk, and plaintiff requests that the Clerk forward a copy to the below named attorney for the Defendants, and that plaintiff has not been able to obtain stamps or envelopes sufficient to send or mail to the attorney, plaintiff also has no means to copy material and borrowed paper pen and stamp and envelope to send this response.

of counsel

Marvin Thompson
136 North Court Street
Prattville Ala. 36067
(Dorm-D6)

T. Randall Lyons
Webster, Henry, Lyons + White
P.O. Box 239
Montgomery Ala. 36101